THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ETHEL MELVILLE, Plaintiff in Error.

*Opinion filed October 16, 1914.*

1. STATUTES—*the doctrine of ejusdem generis.* Where general words follow particular and specific words in a statute the general words must be construed to include only things of the same kind as those indicated by the particular and specific words, unless there is something in the statute to show that such rule should not be applied.

2. DELINQUENT CHILDREN—*the act of 1905 applies only to one standing in loco parentis to delinquent child.* Before a person can be punished for contributing to the delinquency of a child under the act of 1905 (Laws of 1905, p. 189,) the information must allege that such person stood *in loco parentis* to the delinquent child, as the words, "any other person," used in the act, are limited by the preceding specific words, "any parent or parents, or legal guardian or person having the custody of any dependent, neglected or delinquent child."

CARTER, J., dissenting.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding.

JOSEPH N. DALY, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and EUGENE P. MORRIS, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiff in error was convicted in the municipal court of Chicago of contributing to the delinquency of a female child, and the judgment of the municipal court has been affirmed by the Appellate Court for the First District.

The information under which the conviction was had charged that plaintiff in error, on or about the 15th day

of June, 1913, at, etc., "did then and there contribute to the delinquency of one Anita White, a female of previous chaste life under age of sixteen years, by supplying her with clothing and persuading her to visit houses of ill-fame with one Clarence Jennings, and did knowingly do such acts that directly produced the conditions which rendered such child a delinquent child," in violation of the statute. The evidence was not preserved by bill of exceptions and is not before us. The grounds relied upon for reversal are all based upon alleged defects in the common law record, and it is only necessary to consider one of these alleged defects.

The statute upon which the information was based is as follows: "Any parent or parents, or legal guardian, or person having the custody of any dependent, neglected or delinquent child, as defined by the statutes of this State, or any other person who shall knowingly or willfully encourage, aid, cause, abet or connive at such state of dependency, neglect or delinquency, or shall knowingly or willfully do any act or acts that directly produce, promote or contribute to, the conditions which render such child a dependent, neglected or delinquent child as so defined, or who, having the custody of such child, shall, when able to do so, willfully neglect to do that which will directly tend to prevent such state of dependency, neglect or delinquency, or to remove the conditions which render such child either a neglected, dependent or delinquent child, as aforesaid, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine of not more than $200, or by imprisonment in the county jail, house of correction, or workhouse, for not more than twelve months, or both by such fine and imprisonment: *Provided,* that instead of imposing the punishment hereinbefore provided, the court shall have the power to enter an order suspending sentence and releasing the defendant from custody, on probation, for the space of one year, upon his or her entering

into a recognizance, with or without sureties, in such sums as the court may direct. The condition of the recognizance shall be such that if the defendant shall make his or her personal appearance in court whenever ordered to do so within a year, and shall provide and care for such dependent, neglected or delinquent child in such manner as to prevent a continuance or repetition of such state of dependency, neglect or delinquency, or as otherwise may be directed by the court, and shall further comply with the terms of such order, then the recognizance shall be void, otherwise of full force and effect. If the court be satisfied, by information and due proof under oath, that at any time during the year the defendant has violated the terms of such order, it may forthwith revoke such order and sentence him or her under the original conviction. Unless so sentenced, the defendant shall, at the end of such year, be discharged and such conviction shall become void." (Laws of 1905, p. 189.)

Plaintiff in error contends that this statute only applies to one standing *in loco parentis* to the dependent, neglected or delinquent child, and that an information which fails to charge such relationship is fatally defective. Defendant in error, on the other hand, contends that the statute is not limited to those standing *in loco parentis* to the dependent, neglected or delinquent child, but applies to any person who commits the acts prohibited by the statute. Defendant in error, in support of its position, relies entirely upon the words "or any other person," following the words, "any parent or parents, or legal guardian, or person having the custody of any dependent, neglected or delinquent child, as defined by the statutes of this State."

In *City of Chicago* v. *Ross,* 257 Ill. 76, we said: "It has been repeatedly held by this and other courts, that where general words follow particular and specific words in a statute the general words must be construed to include only things of the same kind as those indicated by the par-

ticular and specific words; (*Shirk* v. *People,* 121 Ill. 61; *Ambler* v. *Whipple,* 139 id. 311; *Cecil* v. *Green,* 161 id. 265; *Gundling* v. *City of Chicago,* 176 id. 340;) and this rule is enforced in the construction of a statute unless there is something in the statute or its context which shows that the doctrine of *ejusdem generis* should not be applied.— *In the matter of Swigert,* 119 Ill. 83; *Webber* v. *City of Chicago,* 148 id. 313; *City of Chicago* v. *M. & M. Hotel Co.* 248 id. 264; *Wiggins* v. *State,* 87 N. E. Rep. 718."

There is nothing in the statute under consideration, or in its context, to show that the doctrine of *ejusdem generis* should not be applied, but, on the contrary, the provision that instead of imposing the punishment prescribed by the act the court shall have the power to suspend sentence and release the defendant from custody upon his or her entering into a recognizance conditioned, among other things, that the defendant "shall provide and care for such dependent, neglected or delinquent child in such manner as to prevent a continuance or repetition of such state of dependency, neglect or delinquency," clearly shows that the doctrine of *ejusdem generis* should be applied, and that only one standing *in loco parentis* to the dependent, neglected or delinquent child can be guilty of violating this statute. As the information failed to allege any facts showing that plaintiff in error stood *in loco parentis* to the child named in the information, it failed to charge plaintiff in error with a violation of the statute and therefore cannot support the judgment entered against her. For this reason the judgment of the Appellate Court and the judgment of the municipal court are reversed.

*Judgment reversed.*

Mr. JUSTICE CARTER, dissenting.