THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLIE LEE, Plaintiff in Error.

*Opinion filed December 16, 1914.*

CRIMINAL LAW—*information for contributing to delinquency of child must aver that defendant stood in loco parentis.* The act of 1905, (Laws of 1905, p. 19,) providing for the punishment of persons contributing to the delinquency of children, applies only to the persons standing in the relations named in the act or *in loco parentis,* and the fact of such relation must be averred in an indictment or information charging a violation of the act. (*People* v. *Melville,* 265 Ill. 176, followed.)

WRIT OF ERROR to the Branch "C" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding.

CHARLES E. ERBSTEIN, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and D. E. DETRICH, (EDWARD E. WILSON, and GEORGE P. RAMSEY, of counsel,) for the People.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Plaintiff in error was convicted in the municipal court of Chicago upon an information charging him with unlawfully encouraging, aiding, abetting and conniving at the delinquency of Nellie Furlong, a female minor child under the age of eighteen years, and willfully and unlawfully committing acts which directly produced and contributed to conditions which rendered the said Nellie Furlong a delinquent child, and that plaintiff in error took the said Nellie Furlong to his room and there lived with her as man and wife. The information did not allege that plaintiff in error sustained the relation of parent, legal guardian or other relation which imposed any duty upon him to provide for the welfare of the said Nellie Furlong.

The statute upon which the information is based is as follows: "Any parent or parents, or legal guardian, or person having the custody of any dependent, neglected or delinquent child, as defined by the statutes of this State, or any other person who shall knowingly or willfully encourage, aid, cause, abet or connive at such state of dependency, neglect or delinquency, or shall knowingly or willfully do any act or acts that directly produce, promote or contribute to, the conditions which render such child a dependent, neglected or delinquent child as so defined, or who, having the custody of such child, shall, when able to do so, willfully neglect to do that which will directly tend to prevent such state of dependency, neglect or delinquency, or to remove the conditions which render such child either a neglected, dependent or delinquent child, as aforesaid, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine of not more than $200, or by imprisonment in the county jail, house of correction, or workhouse, for not more than twelve months, or both by such fine and imprisonment: *Provided,* that instead of imposing the punishment hereinbefore provided, the court shall have the power to enter an order suspending sentence and releasing the defendant from custody, on probation, for the space of one year, upon his or her entering into a recognizance, with or without sureties, in such sums as the court may direct. The condition of the recognizance shall be such that if the defendant shall make his or her personal appearance in court whenever ordered to do so within a year, and shall provide and care for such dependent, neglected or delinquent child in such manner as to prevent a continuance or repetition of such state of dependency, neglect or delinquency, or as otherwise may be directed by the court, and shall further comply with the terms of such order, then the recognizance shall be void, otherwise of full force and effect. If the court be satisfied, by information and due proof under oath, that at any time during

the year the defendant has violated the terms of such order, it may forthwith revoke such order and sentence him or her under the original conviction. Unless so sentenced, the defendant shall, at the end of such year, be discharged and such conviction shall become void." (Laws of 1905, p. 189.)

At the October term of this court the statute above quoted was construed, and it was decided that no one could be punished under this statute except persons standing in the relations named or in other relation comprehended within the term *in loco parentis* to the dependent, neglected or delinquent child. It was also decided that the indictment or information should set out the relation or contain averments under which proof could be introduced showing that the accused person sustained some such relation to the delinquent child. (*People* v. *Melville*, 265 Ill. 176.) That decision is conclusive of the case at bar.

For the reasons given by this court in the case above cited the judgment is reversed, and since there can be no conviction under this information the cause will not be remanded.

*Judgment reversed.*