THE CITY OF CHICAGO, Plaintiff in Error, *vs.* PROF. ROSS, Defendant in Error.

*Opinion filed December 17, 1912.*

1. MUNICIPAL CORPORATIONS—*legislative powers of municipal corporations are strictly construed.* The legislative powers of municipal corporations are strictly construed, and if there is any fair and reasonable doubt as to the existence of a power, the doubt must be resolved against the municipality claiming the right to exercise it and the power be held not to exist.

2. SAME—*construction of words "fraudulent devices and practices," in clause 45 of paragraph 62 of the Cities and Villages act.* The words "all fraudulent devices and practices," used in clause 45 of paragraph 62 of the Cities and Villages act, must, under the rule of *ejusdem generis,* be held to refer to devices and practices which involve an element of chance and which are similar to the things designated by the particular preceding words "gaming and gambling houses and lotteries," and do not refer to palmistry, card reading, astrology, spirit mediumship or fortune telling.

3. SAME—*section 1988 of Chicago municipal code is invalid.* Section 1988 of the Chicago municipal code, which imposes a penalty for obtaining money by fraudulent devices and practices in the name of or by means of spirit mediumship, palmistry, card reading, astrology, seership, or like crafty sciences, or fortune-telling of any kind, is not authorized by clause 45 of paragraph 62 of the Cities and Villages act, and is invalid.

4. STATUTES—*when rule of ejusdem generis must be applied.* The rule that where general words in a statute follow particular and specific words the general words must be construed to include only things of the same kind as those indicated by the particular and specific words, must be applied unless there is something in the statute or its context requiring the contrary.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding.

WILLIAM H. SEXTON, Corporation Counsel, (JAMES S. McINERNEY, EDWIN J. RABER, and HENRY A. BERGER, of counsel,) for plaintiff in error.

OLSEN & BOORD, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

Plaintiff in error commenced this action in the municipal court of the city of Chicago against defendant in error to recover a penalty for the violation of section 1988 of the municipal code of the city of Chicago, which reads as follows: "Any person or persons who shall obtain money or property from another by fraudulent devices and practices in the name of or by means of spirit mediumship, palmistry, card reading, astrology, seership, or like crafty science, or fortune-telling of any kind, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine of not less than $25 nor more than $100 for each offense." A motion was made to quash the complaint upon the ground that the ordinance was void, which motion was allowed and the defendant in error was discharged. The judge before whom the hearing was had having made a certificate that the validity of said section of said ordinance was involved and that in his opinion the public interest required that the case be brought direct to this court, a writ of error has been sued out from this court to review the judgment of the municipal court.

The question, therefore, here presented for decision is, did the city council of Chicago have power to pass said section 1988? It is agreed between the parties that if the city council has such power it derives the same from clause 45 of paragraph 62 of the City and Village act, (Hurd's Stat. 1911, p. 265,) which is as follows:

"*Forty-fifth*—To suppress bawdy and disorderly houses, houses of ill-fame or assignation, within the limits of the city and within three miles of the outer boundaries of the city; and also to suppress gaming and gambling houses, lotteries, and all fraudulent devices and practices, for the purpose of gaining or obtaining money or property; and to prohibit the sale or exhibition of obscene or immoral publications, prints, pictures or illustrations."

It is apparent, we think, from the clause of the paragraph of the statute just quoted, that power was conferred upon the city council by said clause to pass an ordinance (1) to suppress bawdy and disorderly houses and houses of ill-fame and assignation houses; (2) to suppress gaming and gambling houses and lotteries and "all fraudulent devices and practices" for the purpose of gaining or obtaining money or property; and (3) to prohibit the sale or exhibition of obscene or immoral publications, prints, pictures or illustrations. If the ordinance in question is valid, it is clear the power to pass the same arises out of the provision of the statute granting to the city council power to pass an ordinance suppressing "fraudulent devices and practices," as no power is conferred upon the city council, in express terms, by clause 45 of paragraph 62 to pass section 1988 of the municipal code.

The law is well settled that the legislative powers of the municipalities of this State are strictly construed, and if there is any fair and reasonable doubt as to the existence of a power the doubt must be resolved against the municipality claiming the right to exercise it and the power be held not to exist. (*Seeger* v. *Mueller,* 133 Ill. 86; *City of Chicago* v. *M. & M. Hotel Co.* 248 id. 264.) The language found in clause 45 of paragraph 62 authorizing the passage of an ordinance to suppress "fraudulent devices and practices" for the purpose of gaining or obtaining money or property, standing alone, would, perhaps, be ample to authorize the passage of an ordinance similar to section 1988 of the municipal code of Chicago. That language is, however, preceded in the same clause by a grant of power which is expressed in specific language and which authorizes the passage of an ordinance suppressing gaming and gambling houses and lotteries, and which, it is urged, indicates that the legislature, when it passed clause 45 of paragraph 62, had in mind only the suppres-

sion of gaming and gambling houses and lotteries, and not the condemnation and punishment of persons who were obtaining money and property by practicing palmistry, card reading, astrology, spiritual mediumship, fortune-telling, etc. It is, we think, quite clear that the general language which provides for the suppression of "all fraudulent devices and practices," and which immediately follows the specific language found in the statute, must be held to refer to devices and schemes which involve an element of chance and which are similar to the things designated by the particular words found in the statute,—that is, gaming, gambling houses and lotteries,—and not to the practices prohibited by section 1988 of the municipal code of Chicago. It has been repeatedly held by this and other courts, that where general words follow particular and specific words in a statute the general words must be construed to include only things of the same kind as those indicated by the particular and specific words; (*Shirk* v. *People,* 121 Ill. 61; *Ambler* v. *Whipple,* 139 id. 311; *Cecil* v. *Green,* 161 id. 265; *Gundling* v. *City of Chicago,* 176 id. 340;) and this rule is enforced in the construction of a statute unless there is something in the statute or its context which shows that the doctrine of *ejusdem generis* should not be applied. *In the matter of Swigert,* 119 Ill. 83; *Webber* v. *City of Chicago,* 148 id. 313; *City of Chicago* v. *M. & M. Hotel Co. supra; Wiggins* v. *State,* 87 N. E. Rep. 718.

From a careful consideration of the ordinance in question, and the clause of the statute upon which it is based, we think the trial court rightfully held that the city council of Chicago was without power to pass said ordinance.

The judgment of the municipal court will therefore be affirmed.

*Judgment affirmed.*