(No. 15939.—Judgment affirmed.)
ISADORE LOWENTHAL *et al.* Appellees, *vs.* THE CITY
OF CHICAGO, Appellant.

*Opinion filed June 17, 1924—Rehearing denied October 9, 1924.*

1. CONSTITUTIONAL LAW—*courts will protect business of citizen from unnecessary interference by legislative body.* A municipal corporation may not interfere, under the guise of a police regulation, with the liberty of a citizen in the conduct of business, which is legitimate and harmless in its essential character, beyond a point reasonably required for the protection of the public; and it is for the judiciary to ascertain and declare the limitation.

2. POLICE POWER—*what is not a proper subject for exercise of police power.* Things which may or may not be injurious to the public, according to the manner in which they are managed, conducted and regulated, may be licensed for the purpose of regulation, but a business which has no tendency to injure the public health or public morals or interfere with the general welfare is not a subject for the exercise of the police power.

3. MUNICIPAL CORPORATIONS—*legislative powers of municipalities are strictly construed.* The legislative powers of municipal corporations are strictly construed, and if there is any fair and reasonable doubt as to the existence of a power the doubt must be resolved against the municipality and the power be held not to exist.

4. SAME—*ordinance restricting and licensing operation of drug stores is invalid.* A municipal corporation has no power to enact an ordinance providing for the licensing and regulating of the operation of drug stores, as there is nothing about the conduct of such stores requiring supervision which is not common to all stores where prepared foods and drinks are sold in packages or where stationery or other merchandise is sold, the sale of those particular drugs and medicines, including intoxicating liquor, which are harmful, or may be harmful unless their use is supervised, being regulated by direct statutory provisions.

5. SAME—*police power of cities is confined to subjects enumerated in article 5 of Cities and Villages act.* Legislative provisions regarding the police power of cities are contained in the separate clauses of section 1 of article 5 of the Cities and Villages act, and the enumeration given is the exclusion of all other subjects.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

FRANCIS X. BUSCH, Corporation Counsel, (LEON HORN-STEIN, and RUTH C. NELSON, of counsel,) for appellant.

JOSEPH F. GROSSMAN, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

A bill was filed by appellees, as owners of retail drug stores in Chicago, which were operated by registered pharmacists or registered assistant pharmacists, to enjoin the city of Chicago from enforcing an ordinance and from prosecuting certain suits instituted by the city in pursuance of such ordinance, which provided for licensing and regulating the sale of drugs and such articles as are commonly sold in drug stores, preventing such stores being maintained and operated in an unsanitary manner, providing for a penalty for failure to comply with the provisions of the ordinance, and providing an annual license fee of $25. The city answered, setting up that it has authority to apply its police powers to the operation of such business, and under the general ordinances which are already in force it has the right to regulate the sale of intoxicating liquor by druggists, the sale of wood alcohol, carbolic acid and bichloride of mercury, prohibit and regulate the sale of certain drugs and compounds except upon the prescription of a physician, and may, and does, regulate the sale of poisonous medicine, also provide a penalty for the preparation or sale of fraudulent prescriptions, the distribution of sample packages of medicine, the maintenance of any place for opium smoking or contributing to the support of such place. Further answering, that since the enactment of prohibition laws there has arisen a tendency on the part of many inhabitants to secure liquor unlawfully, and that unless the city exercises its police power to the extent of controlling the business of retail druggists by licensing and regulation, its efforts to prevent the unlawful sale of liquor will be attended with

great difficulty if not be entirely futile. Certain parts of the answer setting out certain articles of the city ordinances concerning the regulation of the sale of liquor, drugs and medicines were expunged by order of court. The city elected to stand by its answer, and the court entered a decree granting the injunction, holding the ordinance null and void and restraining the city and its officers from enforcing it, but also holding that the restraining order should not affect the right of the city to grant permits to druggists for the sale of liquor for medical, mechanical, sacramental and chemical purposes, subject to forfeiture and under such restrictions and regulations as may be provided by ordinance, and should not interfere with suits instituted under any law or ordinance relating to the sale or giving away of intoxicating liquors. The court certified the validity of a municipal ordinance was involved, and the case is now here on appeal.

Appellees contend that the city council is without authority to tax, license or regulate retail drug stores under the ordinance because the same is invalid; that it contravenes the constitutions of the State and United States; that the State has not delegated to the city the right to license and regulate stores of this character. The city contends that because it has the right to regulate the sale of intoxicating liquor, poisons and certain medicines and drugs which are harmful unless properly used, in the exercise of its police power to more effectually carry out the regulations mentioned it has the right to regulate the entire business of retail druggists and require a city license for the operation of such business and to see that such stores are kept in a sanitary condition. Counsel for appellees contends that the State has directly exercised the power of regulation over such business under laws passed for the purpose, and that an annual license fee is required to be paid to the State, and that the legislature has not conferred such power upon the city except in the respects heretofore set out.

The act enacted by the legislature to regulate the practice of pharmacy provides for registration of any person personally conducting a pharmacy or drug store and provides a penalty for violation of the act. A drug store or pharmacy is defined as a place of business where drugs, medicines or poisons are compounded, dispensed or sold at retail. The qualifications of a registered pharmacist are prescribed as to age, character and fitness, included in which are graduation from a school, college or department of pharmacy and four years' experience, upon which attendance at a recognized school of pharmacy shall be credited up to but not exceeding two years, the remainder of the experience being required to be obtained in compounding and dispensing drugs, medicines and poisons under the supervision of a registered pharmacist. An examination must also be passed before the Department of Registration and Education, after which the applicant is given a certificate upon payment of $10, which is renewable annually on the payment of an additional fee. The qualifications of assistant registered pharmacists are also prescribed, which are somewhat less exacting than for registered pharmacists. The act provides for the method of labeling drugs, medicine or poison, and a requirement is provided for preserving the original of every prescription compounded or dispensed at the store for at least two years. Penalties are provided for adulterating drugs and substituting preparations, and restrictions are made as to the sales of opium and the like. (Smith's Stat. 1923, pars. 36-55, pp. 1328-1332.) There are provisions in other parts of the statute as to manufacturers and druggists keeping copies of permits for the sale of liquor, and there are further provisions under the Criminal Code as to the labeling and sale of poisonous drugs, the sale of wood alcohol, abortifacient drugs, coloring and adulterating drugs and medicines, which provisions are not necessary to be set forth in detail.

313—13

The legislature has not in so many words conferred upon the city the right to regulate or license drug stores. The subject of drug stores is not mentioned in the Cities and Villages act, except that clause 46 of section 1 of article 5 provides that the city council may grant permits to druggists for the sale of liquor. In the Pharmacy act it is provided that nothing in the act will prevent any person or persons owning a drug store or pharmacy from employing and placing in active and personal charge of the same a registered pharmacist.

Neither a municipal corporation nor the legislature may interfere, under the guise of a police regulation, with the liberty of the citizen in the conduct of his business, legitimate and harmless in its essential character, beyond a point reasonably required for the protection of the public. It is for the judiciary to ascertain and declare the limitation. (*Condon* v. *Village of Forest Park,* 278 Ill. 218; *Munn* v. *Illinois,* 94 U. S. 113; 7 McQuillin on Mun. Corp. sec. 893.) Things which may or may not be injurious to the public, according to the manner in which they are managed, conducted and regulated, may be licensed for the purpose of regulation. (*Condon* v. *Village of Forest Park, supra.*) The legislative powers of municipal corporations are strictly construed, and if there is any fair and reasonable doubt as to the existence of a power, the doubt must be resolved against the municipality claiming the right to exercise the power and the same be held not to exist. (*City of Chicago* v. *Ross,* 257 Ill. 76; *People* v. *City of Chicago,* 261 id. 16.) If the business sought to be regulated has no tendency to injure the public health or public morals or interfere with the general welfare it is not a subject for the exercise of the police power. (*People* v. *City of Chicago, supra; People* v. *Ericsson,* 263 Ill. 368; *Town of Cortland* v. *Larson,* 273 id. 602.) In *North Chicago City Railway Co.* v. *Town of Lake View,* 105 Ill. 207, it was said: "There are many innoxious useful things which the municipal authorities of

a town or city could not lawfully, under a general grant of power like the one in question, declare nuisances, such, for instance, as the exercise of certain trades and callings, as that of a physician, druggist, and the like." Such trades or callings, or things of like character, are not nuisances, and an attempt to declare them nuisances would be an unwarranted abuse of the city's power. The sale of drugs and medicines has been so regarded, as a matter of public necessity, that the keeping open of drug stores is exempted from ordinances requiring business places to be kept closed on Sunday. There is nothing about the conduct of a drug store requiring supervision which is not common to all stores where prepared foods and drinks are sold in packages or where stationery or other merchandise is sold. Those particular drugs and medicines, including intoxicating liquor, which are harmful or may be harmful unless their use is supervised, have already been made the subject of direct State regulation. Four years' experience is required of a registered pharmacist, and specific qualifications and experience are required of registered assistant pharmacists for the very purpose of protecting the public and the customers of drug stores in the purchase of their commodities. In addition to the specific qualifications required of those operating drug stores, there are definite State regulations concerning the dispensing of harmful drugs only upon physicians' prescriptions, so that we think the conduct of the drug business, so far as it requires regulation, is covered by State regulation; and inasmuch as the legislative provisions regarding the police power of cities are contained in one hundred separate clauses in article 5 of the Cities and Villages act, in which regulation of drug stores is not provided for, the enumeration given is the exclusion of all other subjects. (*Potson* v. *City of Chicago,* 304 Ill. 222; *People* v. *City of Chicago, supra.*) If, as is stated in the brief of counsel for the appellant, the control of the liquor traffic in drug stores since the adoption of the eighteenth

amendment has become a matter of serious concern, the remedy is not through judicial decision but must come through a legislative grant to the city or by direct State laws. It is true that the legislature and municipality may both, as to proper subjects, legislate with reference thereto, but for the reasons heretofore stated the restrictions and license as to the operation and control of drug stores, in view of the State regulations existing, may not be imposed.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*