(No. 16397.—Decree affirmed.)

THE ABERDEEN-FRANKLIN COAL COMPANY *et al.* Appellees, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed December 16, 1924.*

1. MUNICIPAL CORPORATIONS—*legislative powers of a city are limited.* A city is a municipal corporation of statutory creation and has only such limited powers of legislative enactment as are conferred upon it by the law of its creation.

2. SAME—*statutes granting powers to cities are strictly construed.* Statutes granting powers to municipal corporations are strictly construed, and any fair and reasonable doubt as to the existence of the powers must be resolved against the municipality.

3. SAME—*ordinance exercising incidental power to license must be regulatory.* Where the power to license is impliedly conferred upon a city as an incident to regulation an ordinance exercising the power must be regulatory, as the power can be exercised only in connection with other proper regulations of the business or occupation for which the license is issued.

4. SAME—*city has no inherent power to license an occupation.* A city possesses no inherent power to license any occupation or to require the payment of a tax for the privilege of engaging in the same.

5. SAME—*when ordinance requiring license of coal dealers is void.* Clause 93 of section 1 of article 5 of the Cities and Villages act does not expressly authorize a city to require licenses of coal dealers but merely gives authority to regulate the business, and an ordinance requiring such license not as an incident to regulation but for the manifest purpose of raising revenue is void.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

FRANCIS X. BUSCH, Corporation Counsel, (LEON HORNSTEIN, and RUTH C. NELSON, of counsel,) for appellant.

McCORMICK, KIRKLAND, PATTERSON & FLEMING, (JOSEPH B. FLEMING, LOUIS G. CALDWELL, and EHLERS ENGLISH, of counsel,) for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

The Aberdeen-Franklin Coal Company, a corporation engaged in the business of conducting a coal yard in the city of Chicago for the sale of coal at retail, and 175 other corporations, firms and individuals engaged in a like business, filed on behalf of themselves and on behalf of all others similarly situated, in the circuit court of Cook county, a bill in chancery against the city of Chicago, praying for an injunction restraining the city from enforcing the provisions of an ordinance of the city requiring coal dealers to be licensed. The injunction was asked on the ground of invalidity of the ordinance. The city of Chicago demurred to the bill of complaint, and the demurrer having been overruled by the court the city elected to stand by its demurrer, and a decree was entered permanently enjoining the city from enforcing the provisions of the ordinance. An appeal was prayed from this decree by appellant, and the circuit court having certified that the validity of an ordinance and constitutionality of a statute were involved in the cause, the appeal was allowed and perfected to this court.

It is claimed by appellees that the city of Chicago did not have power to pass the ordinance in question. A city is a municipal corporation of statutory creation, having only such limited powers of legislative enactment as are conferred upon it by the law of its creation. Statutes granting powers to municipal corporations are strictly construed, and any fair and reasonable doubt as to the existence of the powers must be resolved against the municipality. (*City of Earlville* v. *Radley,* 237 Ill. 242; *City of Chicago* v. *Ross,* 257 id. 76.) It is suggested by appellant that the city was empowered to pass the ordinance by clauses 54, 66, 75, 78 and 100 of section 1, article 5, of the Cities and Villages act of this State. Upon an inspection of those clauses it is apparent that neither of them

has even a remote bearing on the power of a city to pass the ordinance in question.

It is contended by appellant that the city was authorized to pass the ordinance by virtue of clause 93 of the same section, which is: "To regulate and prohibit the keeping of any lumber or coal yard, and the placing or piling or selling any lumber, timber, wood, coal, or other combustible material, within the fire limits of the city or village: *Provided,* that this clause shall not be construed to require the removal of any lumber or coal yard from any location which it lawfully occupies at the time of the passage of any ordinance hereunder."

It is contended by appellees that clause 93 is unconstitutional by reason of the proviso. It will be observed that the proviso is similar in its terms to the one by reason of which clause 82 of the section was held unconstitutional in *People* v. *Kaul,* 302 Ill. 317. Counsel for appellant argue that when a section of the statute is amended the section must be re-enacted in full, and that such portion of it as is not changed must be construed as a continuation of the statute as it existed before, and the enactment of the amended section is not to be construed as a repeal and does not operate as a repeal of the section as it stood before amendment, and that, admitting that the proviso to clause 93 is invalid, when an invalid proviso is attached to a valid enactment by way of amendment the portion that is not invalid is continued in force. While this proposition of law is correct in the abstract it can have no application here.

Clause 93 originally read as follows: "To regulate and prohibit the keeping of any lumber or coal yard, and the placing or piling or selling any lumber, timber, wood, coal, or other combustible material, within the fire limits of the city." In 1919 the legislature amended section 1 and changed clause 93 to read as follows: "To regulate and prohibit the keeping of any lumber or coal yard, and the

placing or piling or selling any lumber, timber, wood, coal, or other combustible material within the limits of the city or village: *Provided,* that this clause shall not be construed to require the removal of any lumber or coal yard from any location which it lawfully occupies at the time of the passage of any ordinance hereunder." The changes consisted in taking out the word "fire," thereby extending the regulation and prohibition to the entire city; next by adding the words "or village," which extended the power to villages as well as cities. The legislature again amended section 1 in 1921, and this time made clause 93 read as it now stands. When the act was amended in 1919 it not only added the proviso but amended clause 93 in material respects, and it cannot therefore be considered as a re-enactment of the old statute with the addition of an invalid proviso.

We do not feel called upon, however, in the present case to pass upon the constitutionality of clause 93. If it be conceded either that clause 93 as it now stands is valid or that clause 93 as it stood before the amendment of 1919 is in force, in neither event is the city thereby empowered to pass the ordinance in question. While by many other clauses of section 1 the power is given to the city council to license or tax businesses or occupations, by clause 93 the council was not given the express authority to license or tax the business of keeping coal yards but was only given the power to regulate and prohibit the same. While the power to license is an incident of the power to regulate, and a regulatory ordinance may require a license and the payment of a license fee as an incident to regulation, to sustain the power to license as an incident to regulation the ordinance must be a regulatory ordinance.

The ordinance in question attempts to prohibit the keeping or maintaining of a yard or other place of business for the purpose of keeping for sale, offering for sale or selling any coal without first having obtained a license so

to- do. The annual license is set at $50 for each yard or place of business, plus $10 for each wagon, truck or other vehicle used by the licensee in connection with the business, and a fine of from $25 to $200 is provided for each offense, every day of violation to constitute a separate and distinct offense. Peddlers and dealers in hay, straw, grain and mill feed, who are subject to other licensing ordinances under appropriate authority, are excepted from this ordinance. Provision is made for the manner of application for a license and for issuance and use of license plates to be affixed to vehicles. There are no regulatory provisions whatever in the ordinance. There are no conditions or regulations to which the applicant must conform in order to obtain and keep his license other than the payment of the annual license fee. There is no provision as to what fund either the license fees or the fines are to be applied. There are no provisions for inspection, supervision or measures for fire protection. By the demurrer it is admitted that the license fees imposed by the ordinance are greatly in excess of the amount necessary to defray the expense of regulation of the business and greatly in excess of the amount necessary to defray the expense of enforcement of the ordinance, and that the fees to be collected under the ordinance are to be appropriated by the city of Chicago for other municipal purposes and the sole object of the ordinance is for the purpose of raising revenue.

A city possesses no inherent power to license any occupation or to require the payment of a tax for the privilege of engaging in the same. (*City of Chicago* v. *Drogasawacz,* 256 Ill. 34.) Where the power to license is impliedly conferred upon the city as an incident to regulation, it may only be exercised in connection with other proper regulations of the business or occupation for which the license is issued. The city had no power to impose such a license fee solely for the purpose of raising revenue. (*Herb Bros.* v. *City of Alton,* 264 Ill. 628; *City of Chi-*

*cago* v. *O'Brien,* 268 id. 228; *Condon* v. *Village of Forest Park,* 278 id. 218.) It is apparent that the ordinance in question imposed a license fee solely for the purpose of raising revenue and is therefore invalid, and the court properly so held.

The decree of the circuit court is affirmed.

*Decree affirmed.*