(No. 15679.—Decree affirmed.)
BARNARD & MILLER et al. Appellees, vs. THE CITY OF
CHICAGO, Appellant.

*Opinion filed April 24, 1925.*

1. MUNICIPAL CORPORATIONS—*cities have no inherent powers.*
Cities have no inherent powers, but they are creatures of the legislature and derive their existence and powers therefrom.

2. SAME—*powers of municipality are strictly construed.* Statutes granting powers to municipal corporations are strictly construed, and any fair and reasonable doubt as to the existence of the powers must be resolved against the municipality.

3. SAME—*power to license or tax occupation must be expressly granted or necessarily implied.* Power to license or tax an occupation must be expressly granted to cities by the legislature or be a necessary incident to a power expressly granted.

4. SAME—*what occupations are not subject to regulation under police power.* Occupations or businesses which do not tend to injure the public health or public morals or to interfere with the general welfare are not subject to regulation by cities under the police power.

5. SAME—*legislative powers of council are limited to subjects enumerated in section 1 of article 5 of Cities and Villages act.* Section 1 of article 5 of the Cities and Villages act is the source of the legislative powers of a city council, and the enumeration of powers therein is exclusive of all other subjects.

6. SAME—*ordinance requiring license of all factories and workshops not otherwise licensed is void.* An ordinance of the city of Chicago requiring a license of all factories and workshops not otherwise licensed under other ordinances is void, as the power to license must be incident to the power to regulate, and no such ordinance is authorized in any of the paragraphs of section 1 of article 5 of the Cities and Villages act, the regulation of factories and workshops being provided for in acts of the State legislature.

7. SAME—*what police power may be exercised by the city.* The police power of a city under paragraph 66 of section 1 of article 5 of the Cities and Villages act can be exercised only with reference to such subjects and occupations as are enumerated in the other specific paragraphs of section 1.

APPEAL from the Circuit Court of Cook county; the
Hon. GEORGE FRED RUSH, Judge, presiding.

FRANCIS X. BUSCH, Corporation Counsel, (LEON HORN-STEIN, RUTH C. NELSON, and CORA B. HIRTZEL, of counsel,) for appellant.

COLIN C. H. FYFFE, and DAVID R. CLARKE, for appellees.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Barnard & Miller, Tallman, Robbins & Co. and Charles F. L'Hommedieu & Sons Company, appellees, filed in the circuit court of Cook county a bill in chancery against the city of Chicago, appellant, praying for an injunction restraining appellant from enforcing the provisions of an ordinance of the city requiring a license to operate and conduct factories and workshops within the city and regulating their operation, alleging that the ordinance is invalid. Appellant demurred to the bill of complaint. The court overruled the demurrer. Appellant electing to stand by its demurrer, the court entered a decree permanently enjoining it from enforcing the provisions of the ordinance. The circuit court certified that the validity of an ordinance is involved and that the public interests require that the appeal be direct to this court.

The ordinance in question defines "factory" and "workshop" to mean any "building, room, enclosure, premises, place or establishment in the city of Chicago, where any merchandise, goods, wares, commodities or products are manufactured, made, finished, printed, engraved, worked on, altered, repaired, polished, cleaned, renovated or assorted, in whole or in part, for sale or for wages or compensation." The definition is therein limited to apply only to places that are not specifically defined and required to be licensed under other ordinances of the city. It is also provided "that when more than one such building, room, enclosure, premise, place or establishment is to be managed, conducted, operated or carried on in the city of Chicago by

one person, firm or corporation, all of the same shall be deemed one factory or workshop and shall be subject to the payment of one license fee." The license fees are graded according to the number of employees in such factories or workshops, and range from $2 for one employee to $1000 for over eight thousand employees. The regulatory features of the ordinance require frequent examinations of the premises occupied by the factories or workshops to determine whether all health, safety and sanitary laws have been complied with, and to compel them to be kept in a clean, sanitary condition, free from vermin and matters of an infectious or contagious nature, to prohibit the employment of persons with communicable diseases, provide for the removal and disposition of decomposed, fetid or putrescent matter and refuse, waste and sweepings, the maintenance of proper washing and toilet facilities, adequate ventilation, dry floors, and proper drainage to prevent seepage and leakage to the floors below. The ordinance further provides for the revocation of licenses by the commissioner of health and for a penalty for violation of it. The ordinance also contains a number of sections repealing ordinances regulating factories, etc., theretofore passed.

It is alleged in the bill that the appellees are corporations organized under the laws of Illinois; that Barnard & Miller are engaged in the business of printing, lithographing and pamphlet binding and employ about fifty men; that Tallman, Robbins & Co. are engaged in the business of manufacturing and selling loose-leaf filing devices and employ about seventy-five men; and that Charles F. L'Hommedieu & Sons Company is engaged in the business of manufacturing and selling platers' and polishers' supplies and employs about forty employees, all located in Chicago. It is further alleged that there are about five thousand other individuals, firms and corporations engaged in business in Chicago that would be brought within the terms of the ordinance; that appellees and those similarly situated were in business in

Chicago before the passage of the ordinance, and that the city is attempting to enforce the provisions of the ordinance and has commenced suit against appellees and others similarly situated. The bill sets forth the ordinance *in extenso* and alleges that it is null and void upon several alleged grounds, but the only grounds urged in support of the decree of the court are, that the General Assembly has not granted the city of Chicago the power to enact the ordinance; that it is not a valid police regulation; that it is in contravention of the State statutes on the same subject; and that it is indefinite, uncertain and unreasonable.

Cities are creatures of the legislature and derive their existence and powers therefrom. They have no inherent powers and derive all of their powers from the legislature. Statutes granting powers to municipal corporations are strictly construed, and any fair and reasonable doubt as to the existence of the powers must be resolved against the municipality. (*Aberdeen-Franklin Coal Co.* v. *City of Chicago,* 315 Ill. 99; *City of Earlville* v. *Radley,* 237 id. 242; *City of Chicago* v. *Ross,* 257 id. 76.) This court has many times held that power to license or tax an occupation must be expressly granted to cities by the legislature or be a necessary incident to a power expressly granted. (*City of Chicago* v. *Murphy,* 313 Ill. 98; *Potson* v. *City of Chicago,* 304 id. 222; *Condon* v. *Village of Forest Park,* 278 id. 218; *City of Chicago* v. *Mandel Bros.* 264 id. 206; *People* v. *City of Chicago,* 261 id. 16; *City of Chicago* v. *Ross, supra; City of Chicago* v. *M. & M. Hotel Co.* 248 Ill. 264.) If the business sought to be regulated does not tend to injure the public health or public morals or to interfere with the general welfare it is not a subject for the exercise of the police power. (*Lowenthal* v. *City of Chicago,* 313 Ill. 190.) Section 1 of article 5 of the Cities and Villages act, with its one hundred clauses, is the source of the legislative power of the city council. Its powers are therein enumer-

ated to the exclusion of all other subjects. *City of Chicago*
v. *Murphy, supra; City of Cairo* v. *Bross,* 101 Ill. 475.

Appellant contends that the power to enact the ordi-
nance in question may be derived from clause 82 of sec-
tion 1 of article 5 of the Cities and Villages act. That
clause as amended in 1919 was held void in *People* v. *Kaul,*
302 Ill. 317, and that decision was re-affirmed by this court
in the cases of *Moy* v. *City of Chicago,* 309 Ill. 242, and
*Arms* v. *City of Chicago,* 314 id. 316.

It is further contended that if those decisions stand,
their only effect is to declare invalid clause 82 as amended,
and that as the amendment is void, or renders the act void,
the old law will be revived. Conceding this to be true for
the purposes of this case only, clause 82 prior to its amend-
ment in 1919 did not confer the right or power on the city
to enact this ordinance. That clause previous to the amend-
ment simply authorized cities and villages to direct the loca-
tion and regulate the use and construction of breweries, dis-
tilleries, livery, boarding or sales stables, blacksmith shops,
foundries, machine shops, garages, laundries and bathing
beaches within their limits. The clause specifically author-
izes and empowers cities and villages to direct the loca-
tion and regulate the use and construction of the particular
establishments and places therein named, and under the pre-
vious holdings of this court that enumeration is the exclu-
sion of all other establishments, occupations, businesses or
places, not nuisances *per se,* over which cities and villages
are given control. *People* v. *City of Chicago, supra; City
of Chicago* v. *Pettibone & Co.* 267 Ill. 573; *Potson* v. *City
of Chicago, supra.*

Appellant relies for its authority to pass the ordinance
on clause 66, the so-called "police power" clause, clause 75,
the "nuisance clause," and clause 78, the "health clause."
These clauses, respectively, authorize appellant to regulate
the police of the city and pass and enforce all necessary
police ordinances; to declare what shall be a nuisance, and

to abate the same; and to impose fines upon parties who may create, continue or suffer nuisances to exist, and to do all acts, make all regulations which may be necessary or expedient for the promotion of health or the suppression of diseases. In *Chicago* v. *M. & M. Hotel Co. supra,* this court held that the general language of clause 66, to pass and enforce all necessary police ordinances, means that this power can only be exercised in reference to such subjects and occupations as are enumerated in the other specific clauses of section 1. It is clear that clause furnishes no authority for the passage of this ordinance, and it is equally clear that the other two clauses,—the nuisance clause and the health clause,—confer no such authority, and that there is no single clause, or any number of clauses combined, in section 1 that confers such authority on appellant.

As suggested by the appellees, the terms "factory" and "workshop," as defined in this ordinance, would apply to the works of the Illinois Steel Company and of the International Harvester Company, and at the same time would apply to a shop for the repair of umbrellas, to a shop of a cobbler who re-soles or patches shoes, to a carpenter shop, to a tailor shop, to a workroom of a milliner, and to other such shops or places where articles are repaired or made. Certainly no one would contend that all of the shops above enumerated, as well as many others that might be named, are nuisances *per se.* If the city has the power to pass this ordinance for the regulation of workshops and factories on the grounds presented in its arguments, there is not a single business in Chicago that could not be regulated, without reference to the fact whether or not it constituted a factory or workshop as defined in this ordinance.

Section 1392 of the ordinance provides that upon the receipt of an application from any person, firm, association or corporation managing, conducting, operating or carrying on a factory or workshop or desiring so to do, the commissioner of health shall cause an investigation to be made of

the premises named, for the purpose of determining the fitness and feasibility of such factory or workshop for the conduct and operation of the industry there to be conducted, from a sanitary standpoint, and to ascertain whether the applicant has complied with the State laws and the city ordinances regulating health, safety and sanitation so as to properly safeguard the lives and health of the employees engaged therein. It further provides that upon the completion of such investigation the commissioner of health shall transmit to the mayor such application, with his recommendation for or against the issuance of a license. If the mayor shall be satisfied that the applicant has complied with the State laws and city ordinances regulating health, safety and sanitation, and that the place where it is proposed to operate such factory or workshop is fit and suitable for such purpose, he shall, upon payment of the license fee, issue or cause to be issued to the applicant a license to manage, conduct, operate or carry on a factory or workshop in the premises.

The city by this ordinance has arbitrarily assumed powers and duties without the authority of any law or of any clause found in the one hundred clauses of section 1 before considered. That the General Assembly never intended to authorize cities and villages to regulate factories indiscriminately and in the manner provided in this ordinance is further made manifest by the fact that the General Assembly thereafter specially conferred certain powers on the State by various acts which it has passed, notably the following: The act of 1893 regulating the manufacture of clothing and providing for the appointment of State inspectors; the act of 1897 as to the employment of children; the act of 1897 to compel the using of blowers upon metal-polishing machinery; the act of 1907 providing for the establishment of a department of factory inspection; the act of 1907 providing for the protection of persons in and about the construction of structural work; the act of 1907 providing

for the publishing of information concerning accidents to employees; the act of 1909 as to the hours of employment of females; the act of 1911 providing for the protection of employees against occupational diseases; the act of 1913 providing for wash rooms in certain employments; the act of 1915 providing for protection to employees from poisonous fumes or dust; the act of 1915 providing for the health, safety and comfort of employees in factories, mills and workshops; and the act of 1917 regulating child labor.

The city has no power to impose a license fee of the character aforesaid for the purpose of raising revenue. The only power that the city has to license is incident to its power to regulate. *Herb Bros.* v. *City of Alton,* 264 Ill. 628; *City of Chicago* v. *O'Brien,* 268 id. 228; *Condon* v. *Village of Forest Park, supra.*

The ordinance being void for want of power in the city to enact it, the decree of the circuit court is affirmed.

*Decree affirmed.*