(No. 16704.—Decree affirmed.)
J. J. BAUER et al. Appellees, vs. THE CITY OF CHICAGO,
Appellant.

*Opinion filed April 23, 1926—Rehearing denied June 2, 1926.*

1. MUNICIPAL CORPORATIONS—*ordinance of city of Chicago requiring licenses of certain factories is void.* Sections 960 to 963, inclusive, of the municipal code of the city of Chicago of 1922, requiring licenses of planing mills, and factories for the making of boxes, furniture, sash and doors and for molding and wood-turning, constitute a complete ordinance in which no regulations for the conduct of such businesses are specified, and as no authority is given in the Cities and Villages act for licensing such businesses, said sections are void as imposing license fees for revenue purposes, only; and a provision authorizing the city collector to recommend such factories as are entitled to a license cannot be relied upon as imposing the necessary regulations, as the giving of such discretion is an unauthorized grant of legislative power.

2. SAME—*city cannot exact license fee for sole purpose of raising revenue.* A city has no power to exact a license fee of a business or occupation solely for the purpose of raising revenue, and where the power to license is impliedly conferred upon a city as an incident to regulation it may be exercised only in connection with other proper regulations of the business or occupation for which the license is granted.

3. SAME—*what license fee may be exacted in exercise of police power.* In the exercise of the police power for the purpose of regulation, the authority of a municipality to exact a license fee of a business or occupation is limited to such a fee as will bear some reasonable relation to the additional burdens imposed upon the municipality by the business or occupation licensed and the necessary expense involved in police supervision.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

FRANCIS X. BUSCH, Corporation Counsel, (LEON HORNSTEIN, ALBERT H. VEEDER, and RUTH C. NELSON, of counsel,) for appellant.

DAVID R. CLARKE, and JOHN HARRINGTON, for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

J. J. Bauer, the Churchill Cabinet Company, Nicholas Bonnett & Co. and the Commercial Sash and Door Company, the last three all Illinois corporations, filed their bill of complaint in the circuit court of Cook county, for themselves and others similarly situated, against the city of Chicago, to have declared void, and to restrain the enforcement of, sections 960 to 963, inclusive, of the municipal code of 1922, requiring a license for the operation of certain factories within the city limits. The city answered the bill and a replication was filed to the answer. After a hearing the circuit court found the sections of the ordinance void and perpetually enjoined the city from enforcing them. Since the validity of a municipal ordinance is involved in the cause and the chancellor has certified that the public interest so requires, the city prosecutes an appeal directly to this court.

The bill sets forth that on November 22, 1922, the city council passed a certain ordinance known as the Chicago municipal code of 1922, which contains, among others, sections 960 to 963, inclusive; that section 960 provides that no person, firm or corporation shall conduct, manage, operate or carry on any factory for the manufacture of sash, doors or blinds, the making of paper boxes, cigar boxes or other wooden boxes, or packing boxes, or a planing mill, factory or workshop for wood-turning, or for the manufacture of portable garages, molding, picture frames, office supplies, fixtures or furniture, within the city without first obtaining a license; that section 961 requires a written application for such a license and imposes upon the city collector the duty to make an investigation concerning the reliability of the applicant, and if such investigation shows that the applicant is reliable, the city collector is obliged to recommend to the mayor that a license be issued upon pay-

ment of the prescribed license fee; that by section 962 the annual license fee is based on the number of persons employed, is made payable in advance and is graduated into fourteen classifications, ranging from $5 to $200 annually, depending upon the number of the applicant's employees; and that section 963 prescribes penalties for carrying on any of the businesses enumerated in section 960 without the required license. It is further alleged that Bauer is engaged in the manufacture of paper boxes and employs thirty-five men; that the Churchill Cabinet Company manufactures furniture and has one hundred employees; that Nicholas Bonnett & Co. does wood-turning and employs twenty men; and that the Commercial Sash and Door Company manufactures sash, doors and blinds and has ninety employees; that each of the complainants has its place of business and operates its factory in the city of Chicago; that there are in Chicago about 125 factories for the manufacture of sash, doors and blinds, about 240 for the manufacture of furniture, about 200 for the manufacture of paper boxes, about 98 for the manufacture of wooden boxes and about 50 for wood-turning, all of which, the city insists, are subject to sections 960 to 963, inclusive, of the code; that these sections constitute merely a revenue measure and contain no provision for the regulation or inspection of the factories enumerated; that the businesses conducted by the complainants in no way menace the health, safety or welfare of the community and do not need to be licensed, inspected or regulated, and that sections 960 to 963, inclusive, of the municipal code are void because (1) they deprive the complainants of their property without due process of law; (2) they seek to impose a tax upon the complainants, contrary to the provisions of the constitution; (3) the General Assembly has not granted to the city council the power to tax, license or regulate the businesses conducted by the complainants, nor are their occupations of such a character that they are subject to regulation;

(4) the license fee charged is excessive and unreasonable; and (5) the sections specified delegate arbitrary power to the city collector to determine whether or not a license shall be issued. It is charged that the city threatens to prosecute the complainants for the recovery of the penalties prescribed by section 963 and that it will do so unless enjoined.

The city by its answer admits that the bill correctly sets forth sections 960 to 963, inclusive, of the municipal code and that it claims that the complainants and others similarly situated are within the provisions of those sections, and it avers that other sections of the municipal code, as well as independent ordinances, relate to the businesses of the complainants, among which are section 1520, concerning the storage of shavings, sawdust and excelsior; section 1523, making it unlawful to maintain a pile of lumber, or other materials of like combustible nature, for the purpose of storing, drying or seasoning, nearer than specified distances from certain classes of buildings within the fire limits of the city; section 1524, dealing with the establishment of lumber and box yards; section 1530, providing that the owner, lessee or occupant of premises affected by any order of the bureau of fire prevention and public safety may make written demand upon the chief of the bureau for a survey of such premises to determine whether or not the order is valid and reasonable; section 1539, prohibiting the use of open lights in rooms where wood-working, painting, japanning, finishing or upholstering is done or where highly inflammable materials, oils or other volatiles are handled; and section 1550, requiring that wood-working machines, under the conditions prescribed, shall be equipped with blowers or conveyors for shavings and sawdust. By its answer the city denies that the businesses conducted by the complainants require no inspection or regulation for the protection of the public health, safety or welfare; avers that sections 960 to 963, inclusive, are valid and within the police powers of the city; denies that those sections were passed solely

for the purpose of raising revenue or that the license fees charged are excessive or unreasonable; avers that those fees are necessary for purposes of regulation; denies that section 961 delegates arbitrary power to the city collector, and admits that the license fees have been demanded of the complainants and that unless enjoined it will prosecute them for their failure to obtain the required licenses.

The complainants offered no evidence on the hearing but relied upon the bill and the answer. The city offered certain ordinances relating to conditions dangerous in their tendency to cause fires. It also called as witnesses the acting chief of the fire prevention bureau, a rate-maker for the board of underwriters, an assistant fire marshal and the deputy commissioner of buildings. These witnesses testified that the businesses enumerated in section 960 of the code were, among others, dangerous in causing and promoting fires.

Appellant, the city of Chicago, contends that ample power has been granted to it by various sub-sections of section 1 of article 5 of the Cities and Villages act to regulate the businesses of appellees in the interest of the public safety. Appellees deny the city's power to pass sections 960 to 963, inclusive, of the municipal code, but assert that, whether or not the city possesses the power, the sections in question are void because (a) they constitute a revenue measure merely; (b) the license fees exacted are excessive and unreasonable; and (c) they attempt an unauthorized delegation of legislative power to the city collector.

Section 960 of the municipal code defines the factories for the operation of which licenses must be obtained. Section 961 requires a written application for such a license and charges the city collector with the duty of making an investigation with reference to the reliability of the applicant. The two succeeding sections, respectively, fix the fees to be paid for the licenses and impose penalties for noncompliance. These four sections form article 3 of chap-

ter 18 of the municipal code and constitute a complete and independent ordinance. They contain no provision for the inspection or regulation of the businesses defined in section 960. No reference is made to the danger of fire or to conditions inherently or potentially dangerous to the public. The applicant is entitled to a license when the city collector pronounces him reliable and the prescribed fee is paid. The whole emphasis is laid upon the reliability of the applicant for a license. His reliability once determined and followed by the issuance of a license is not an element which in the operation of a factory may be inspected or regulated to prevent fires or other public dangers. But even if the reliability of the licensee as a component element of a condition to be considered in the interest of the public safety is assumed, no test or standard is prescribed to which the licensee must conform. If the object of these sections of the municipal code, as appellant argues, is to protect and promote the public safety, then some provision for the inspection and regulation of the physical aspects of the business or factory would necessarily be found. So far, however, as the sections of the municipal code in question are concerned, the licensee may determine for himself what regulations, if any, he will observe in the operation of his factory to prevent or reduce fires and other dangers.

In order to sustain sections 960 to 963, inclusive, of the municipal code as a measure regulatory of the businesses of appellees the city invokes certain ordinances to which reference is made in its answer. All of those ordinances are general and have a wider application than the sections under review. A person who operates a factory designated in section 960 is, apart from that section and in common with all other persons, amenable to those general ordinances. Sections 960 to 963, inclusive, are wholly distinct from and make no reference to the general ordinances upon which the city relies. When those ordinances and the sections in question are taken together they do not

constitute an ordinance regulatory of the businesses of the appellees and others similarly situated.

No authority to license, tax or regulate any of the occupations specified in section 960 of the municipal code is granted by any of those sub-sections of section 1 of article 5 of the Cities and Villages act which specify particular businesses or occupations. Where the power to license is impliedly conferred upon a city as an incident to regulation it may only be exercised in connection with other proper regulations of the business or occupation for which the license is granted. The city has no power to exact such a license fee solely for the purpose of raising revenue. (*Aberdeen-Franklin Coal Co.* v. *City of Chicago,* 315 Ill. 99; *Condon* v. *Village of Forest Park,* 278 id. 218; *City of Chicago* v. *O'Brien,* 268 id. 228; *Herb Bros.* v. *City of Alton,* 264 id. 628.) In the exercise of the police power for the purpose of regulation, the authority of a municipality is limited to such a charge for a license as will bear some reasonable relation to the additional burdens imposed upon the municipality by the business or occupation licensed and the necessary expense involved in police supervision. (*Condon* v. *Village of Forest Park, supra; Metropolis Theatre Co.* v. *City of Chicago,* 246 Ill. 20.) There is in the instant case no reasonable relation between the investigation concerning the reliability of an applicant for a license which the city collector is required to make, and the fees prescribed by the fourteen classifications of section 962. Neither the city collector's duty nor the expense involved in performing that duty can justify the license fees, ranging from $5 to $200, depending upon the number of the applicant's employees. It is apparent that the license fees were imposed solely for the purpose of raising revenue.

Nor is it sufficient to say that the city collector can make the necessary regulations. The ordinance affords him no guide or standard whatever in the performance of the

single duty with which he is charged. His discretion is uncontrolled. Legislative power or arbitrary discretion to prescribe regulations cannot be conferred upon such an officer. *Moy* v. *City of Chicago,* 309 Ill. 242; *People* v. *Sholem,* 294 id. 204.

The circuit court properly held sections 960 to 963, inclusive, of the municipal code void, and its decree is affirmed.

*Decree affirmed.*