(No. 19798.

THE CITY OF CHICAGO, Appellee, *vs.* K. EFANTIS, Appellant.

*Opinion filed February 21, 1930—Rehearing denied April 3, 1930.*

M. L. CARMODY, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, and LEON HORNSTEIN, (MARTIN H. FOSS, of counsel,) for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The city of Chicago brought an action against K. Efantis (hereafter referred to as defendant) for the violation of a city ordinance relating to retail beverage dealers. The ordinance involved defines retail beverage dealers to include any person, firm or corporation selling, offering for sale or keeping with the intention of selling at retail, either in bottles or other containers, for consumption on the premises, "any malted, cereal or vinous non-intoxicating beverages as defined by law," and provides that it shall be necessary to first obtain a license before engaging in such business. A penalty for the violation of its provisions is stated in the ordinance. In January, 1929, defendant was conducting on West Eighteenth street, in the city of Chicago, a sandwich shop and chile con carne place, having a regular lunch

counter, a few chairs and a table. He sold to his customers there a bottled beverage labeled "Special Atlas Beer," which he and his counsel admit was "near beer." He had obtained no license under the city ordinance. A trial was had before the court, defendant was found guilty and the minimum fine of $25 was assessed against him. Motions for a new trial and in arrest of judgment were denied by the court and defendant was allowed an appeal to this court, the trial judge having certified that the validity of a city ordinance was involved.

The principal defense to the action was that the ordinance was invalid. The same ordinance was held valid in *City of Chicago* v. *Murphy,* 313 Ill. 98. The brief of defendant is devoted largely to that case and counsel quotes copiously from the opinion in that case in this court, contending that the decision was wrong and that the ordinance is invalid. Notwithstanding the great effort made by defendant's counsel to demonstrate the fallacy of our former decision we are not convinced that he has done so. It would be useless to reiterate the case referred to or to re-state the arguments in that case. We are satisfied with the decision and adhere to it.

We are not impressed by the argument made by appellant that the ordinance did not apply to him because his principal business was retailing sandwiches, and that occasionally serving glasses of "near beer" was not a violation of the ordinance, if it was valid. We do not regard it necessary to further discuss the case. *City of Chicago* v. *Murphy, supra,* decides the question, and we are not disposed to overrule that case.

The judgment of the municipal court will be affirmed.

*Judgment affirmed.*