(No. 24967.—

THE CITY OF CHICAGO, Appellee, *vs.* THE INGERSOLL STEEL AND DISC DIVISION OF BORG-WARNER CORPORATION, Appellant.

*Opinion filed February 20, 1939—Rehearing denied April 16, 1939.*

FYFFE & CLARKE, (JOHN HARRINGTON, of counsel,) for appellant.

BARNET HODES, Corporation Counsel, (MARTIN H. Foss, and ALPHONSE CERZA, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

A complaint in the municipal court of Chicago charged that the Ingersoll Steel & Disc Division of Borg-Warner Corporation operated a machine shop in that city without a license, in violation of section 3834a of the revised Chicago code of 1931, as amended. The court overruled appellant's motion to dismiss the complaint. The grounds of that motion were: (1) The power granted in the Cities and Villages act to regulate machine shops relates to the machine-shop business and does not cover a manufacturing establishment which, incidental to its manufacturing business, operates a machine or tool shop for its own purposes; (2) the power to regulate machine shops, contained in that act, does not give the city authority to license manufac-

turing establishments using metal, or manufacturing metal products or using machinery similar to that found in machine shops, and (3) the ordinance shows on its face that it is, in fact, a revenue measure, and not a regulatory measure. The appellant was found guilty and was fined $50 and costs. The trial judge certified that the validity of a municipal ordinance was involved and that, in his opinion, the public interest required a direct appeal to this court.

The appellant has a factory at 1030 West One Hundred Twentieth street, in Chicago, where it operates rolling mills, stamps metal containers, fabricates metal parts for agricultural implements, passenger cars and trucks, and makes various other stampings and forgings. Its plant is equipped with hydraulic and mechanical presses, steel hammers, grinding machines, upset forging machines, and furnaces for heating products which are fabricated while hot. The plant covers a square block and consists of separate buildings all of which are joined by passageways. The appellant repairs its machinery and makes about half the tools and dies it uses in its manufacturing processes in its own tool room or machine shop, located near the center of the plant. It does no such work for any one else. This shop contains lathes, planers, boring mills, grinding machines and other equipment. No one is admitted to the plant except employees and those persons who have business at the office. Approximately six hundred fifty people are employed at the plant, and, of this number, sixty-five work in the shop.

The Cities and Villages act (Ill. Rev. Stat. 1937, chap. 24, art. 5, sec. 82, par. 65.81) confers on cities the power "to direct the location and regulate the use and construction of breweries, distilleries, livery, boarding or sales stables, blacksmith shops, foundries, machine shops, garages, laundries and bathing beaches, within the limits of the city or village." Under the claim that it was exercising the power so granted, the city of Chicago passed sections 3834(a) to 3834(h) of its revised municipal code. The first of these

sections defines a machine shop as "a work shop in which machines are made or metal parts thereof are repaired, or where parts of machines, or tools, implements, gears, dies, screws or other metal articles are cut, filed, shaped or repaired by means of a lathe or other machinery." This section forbids all persons to operate machine shops as thus defined without having obtained a license so to do but provides that the ordinance shall not apply to any class of machine shops specifically licensed under other ordinances of the city. Section 3834(b) provides for application for licenses; 3834(c) for investigations by the commissioner of health, the commissioner of buildings and the chief fire prevention engineer; 3834(d) names the license fee payable based on the number of employees in the machine shop; 3834(e) fixes sanitary requirements; 3834(f) prohibits night operations in certain localities, and 3834(h) provides penalties for violations of the ordinance.

By its motion to dismiss and the points relied on for reversal, appellant challenges the validity of the ordinance. For this reason, and by virtue of the certificate mentioned above, we have jurisdiction of this direct appeal.

Municipal corporations derive their existence and all their powers from the General Assembly. They possess no inherent powers. If they desire to legislate upon a particular subject or occupation they must be able to point out the statute which authorizes this to be done. Statutes conferring powers upon municipal corporations are strictly construed and any fair or reasonable doubt that an asserted power exists is resolved against the municipality. Municipal corporations only possess such implied powers as are necessarily incident to the powers expressly granted. (*Crerar Clinch Coal Co.* v. *City of Chicago,* 341 Ill. 471; *City of Chicago* v. *Arbuckle Bros.* 344 id. 597; *City of Chicago* v. *Northern Paper Stock Co.* 337 id. 194.) The question whether a particular business comes within the municipal power to license, regulate and tax, granted by

statute, must .be determined by the general character and scope of that business. (*City of Chicago* v. *Northern Paper Stock Co. supra; Eastman* v. *City. of Chicago,* 79 Ill. 178; *Commonwealth* v. *Farnum,* 114 Mass. 267; *Commonwealth* v. *Ringold,* 182 id. 308.) In *City of Chicago* v. *Northern Paper Stock Co. supra,* we held invalid an ordinance which the city sought to enforce against a defendant engaged in the business of buying paper and rags from other dealers, and sorting, grading and selling them to mills and factories. We held that the ordinance applied only to junk stores and yards and that the city could not extend its power by a mere definition which would include defendant's business, citing *Emmons* v. *City of Lewistown,* 132 Ill. 380. In *Crerar Clinch Coal Co.* v. *City of Chicago, supra,* we held void an ordinance which purported to regulate and license private garages. We discussed *People* v. *City of Chicago,* 261 Ill. 16, and pointed out that section 82 is to be construed as regulating the various kinds of business that it enumerates. We also pointed out that in *People* v. *Ericson,* 263 Ill. 368, and *People* v. *Village of Oak Park,* 266 id. 365, section 82 was construed as authority to cities to regulate the garage business. At page 476 of the *Crerar case* we said: "That the legislature intended clause 82 as amended in 1911 to apply to various classes of business, including garage business, is evidenced by the fact that the amendments of 1919 and 1921, declared invalid for reasons set out in the case of *People* v. *Kaul,* [302 Ill. 317] provided for the regulation and control of 'public garages, private garages and stables designed for the use of five or more vehicles, etc.' In no case called to our attention has it been held that under clause 82 as amended in 1911 the language 'breweries, distilleries, livery, boarding or sales stables, blacksmith shops, foundries, machine shops and laundries' related to anything but such businesses, and it seems clear that if the legislature had intended by the insertion of the word 'garages' in the amendment of 1911 to

have it apply to private garages though other provisions of the clause applied only to businesses, it would have plainly so stated." We reached the same conclusion in *Eastman v. City of Chicago, supra,* where we held that a bookseller who incidentally bought and sold second-hand books as well as new books, was not "a dealer in second-hand goods" within the meaning of the ordinance there involved. Appellee contends that we overruled the *Eastman case* in *City of Chicago* v. *Efantis,* 339 Ill. 55, but this is not true. That case involved only the question whether "any malted, cereal or vinous non-intoxicating beverages as defined by law," which were the words of the ordinance in question, were included in the words of the statute which gave city councils power to "license, regulate and prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor." Our holding was that they were covered by the words of the statute. The statement that we were not impressed by appellant's argument that his main business was selling sandwiches and that his sales of "near beer" were only incidental to that, cannot be construed as an overruling of our earlier decision in the *Eastman case.*

In *Barnard & Miller* v. *City of Chicago,* 316 Ill. 519, we held that an ordinance of the city of Chicago requiring a license of all factories and workshops not otherwise licensed under other ordinances was void, since the power to license must be incident to the power to regulate, and no power to regulate factories generally is given in any of the paragraphs of section 1 of article 5 of the Cities and Villages act. The regulation of factories and workshops is provided for in acts of the General Assembly, and we said that it never intended to authorize cities and villages to regulate factories indiscriminately but that it had reserved this power to the State. In that case, contrary to the contention of appellee here, we also held that such regulatory powers must be based on express authority and that the city could not base the ordinance on its powers to regulate the police of the city, and pass and enforce all neces-

sary police ordinances, to declare what shall be a nuisance and to abate the same, and to do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of diseases.

Section 82 of article 5, of the Cities and Villages act authorizes and empowers the appellee to regulate machine shops. The business of conducting a machine shop has been a recognized commercial enterprise for many years. In conferring upon cities the power to regulate machine shops, the General Assembly must be held to have intended that this power would be exercised with respect to separate places of business known as machine shops, and not with respect to shops which are incidental to manufacturing establishments and do no work for the public.

The appellant is not engaged in the machine-shop business but it is a manufacturing concern that has a repair or machine shop which admittedly comes within the definition contained in the ordinance. However, the city has no authority to license and regulate factories generally, and it cannot do indirectly the thing it cannot do directly. The appellee's contention that there is no essential difference between appellant's shop and the ordinary machine shop conducted to serve the public, is beside the point. It is not a question as to whether machine shops need inspection, regulation and safe, healthful working conditions. The question here is whether the city had the power to regulate machine shops such as appellant's. The city had no such power and to the extent that appellee included such shops by definition in the ordinance it is illegal and void.

Since the judgment against the appellant must be reversed, it is not necessary to pass on the further contention that this ordinance shows on its face that it was only a revenue measure in the guise of a regulatory one.

For the reasons stated the judgment of the municipal court of Chicago is reversed.           *Judgment reversed.*