170        WILEY *et al. v.* SILLIMAN *et al.*        [Sept. T.,

Opinion of the Court. Syllabus.

*Decree reversed.*

---

ANDREW M. WILEY *et al.*

*v.*

EDWARD C. SILLIMAN *et al.*

1. MUNICIPAL SUBSCRIPTION—*election—excess of authority.* By the charter of the Dixon, Peoria & Hannibal Railroad Company, of March 5, 1867; each town and township through which the road might be located was authorized to subscribe and take stock of the company not exceeding $35,000, upon a vote of the people in favor of the same. Under this law an election was had in the township of Elmwood upon two propositions for subscription, the first for $35,000 and the other for $40,000 additional to the first, both of which were carried and the bonds of the township issued: *Held,* on bill to enjoin the collection of taxes to pay the interest of the bonds that the subscription of $35,000 was valid, but as to the $40,000, the election and subscription were void, and a decree dismissing the bill was reversed.

2. SAME—*notice of election.* The charter required twenty days' notice of an election to authorize a municipal subscription to the company. The election was called and notices thereof given under the charter, and pending such call, and, after posting notice, the legislature passed an act authorizing towns to subscribe $100,000 to this company—but no new notice was given under this act, and the election was held seven days after its passage: *Held,* that the amendatory act could not affect such election, and render a vote for a sum in excess of $35,000 valid.

3. SAME—*curative act—power of legislature.* Where the people of a township at an election voted in favor of a subscription of $40,000 to a railroad

company without any authority of law, the general assembly afterward passed a special act declaring the election and subscription made under it to be legalized and binding upon the township: *Held*, that as the election and subscription were null and void, and as the legislature could not create a debt against a municipal corporation without its consent, the curative act was void.

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a bill in chancery by appellants in behalf of themselves and sixty-one other persons named, and . all others interested, to enjoin the collection of a tax levied to pay interest on bonds issued by the township authorities, which bonds were claimed to be illegal.

The bill was filed in the circuit court of Peoria County and taken to Knox County on change of venue.

The facts bearing upon the merits are stated in the opinion of the court in *Marshall* v. *Silliman*, 61 Ill. 218. On the hearing the injunction was dissolved and the bill dismissed.

Messrs. WEAD & JACK, for the appellants.

Messrs. HARDING, McCOY, & JOHN S. STEVENS, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This case is, in all its substantial particulars, like the case of *Marshall* v. *Silliman*, 61 Ill. 218, the difference being that this relates to bonds issued by the town of Elmwood and the other to bonds issued by the town of Brimfield. The two cases have been submitted on substantially the same briefs. In the other case we found the $15,000 subscription to be invalid, and the others binding. Here we have two subscriptions, one for $35,000 and one for $40,000. This last for the $40,000 was void, for the reasons given in

the other case in reference to the $15,000. The election was held March 16, 1869, on a notice posted by the supervisors February 16, 1869. When the notice was posted the charter of the company only authorized a subscription for $35,000. That was voted on the same day under a proper notice issued in compliance with the provisions of the charter. The notice under which the vote for the $40,000 was held, was, as in the other case, a mere call for a special town meeting, signed by only twelve voters, and did not seek to follow the provisions of the charter, as indeed it could not do, since the power under that had already been exhausted. It is true that, on the 9th of March, 1869, the legislature passed another act authorizing towns to subscribe $100,000, but a new notice was not given. The charter required twenty days' notice, and only seven intervened between the passage of the amendatory act and the vote.

On the 17th of April, 1869, the legislature passed a curative act, the same, in substance, as that already considered in the other case, and on this counsel for appellee place their reliance. We have sufficiently considered it in the other case.

The subscription for the $35,000 was valid. That for the $40,000 was not.

*Decree reversed.*