### PEOPLE v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

WOODS AND FORESTS—PROTECTION—OFFENSES—"FOREST."

> Forest, Fish, and Game Law, Laws 1900, p. 66, c. 20, § 228, providing that every railroad company shall "on such part of its road as passes through forest lands or lands subject to fires from any cause" remove from its right of way inflammable materials, etc., when considered in connection with the other provisions of the act providing for the appointment of a forest, fish and game commissioner, who shall have the supervision of the forest preserve, and make rules for the care thereof and for the prevention of forest fires, etc., is applicable to forest lands whether within the forest preserve or not; a forest being a tract of land covered with trees, a wood usually of considerable extent, a tract of woodland with or without inclosed intervals of open and uncultivated ground.
>
> [Ed. Note.—For other definitions, see Words and Phrases, vol. 3, p. 2892.]
>
> Hooker, J., dissenting.

Appeal from Special Term, Suffolk County.

Action by the people against the Long Island Railroad for penalties for violations of Forest, Fish, and Game Law, Laws 1900, p. 66, c. 20, § 228. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

J. W. Treadwell (Joseph F. Keany, on the brief), for appellant.
Charles M. Stafford, for the People.

RICH, J. Plaintiff alleges that the defendant is a domestic corporation, and that its line of railroad passes through forest lands and lands subject to fires in the town of Smithtown, Suffolk county, N. Y. Six causes of action are alleged, each of which is based upon an alleged violation of a separate clause of that section of the statute. Laws 1900, p. 22, c. 20. The defendant's demurrer is to each cause of action upon the grounds, among others, that the complaint does not state facts sufficient to constitute a cause of action, and that it appears upon the face of the complaint that the plaintiff has not the legal capacity to sue. It claims that the lands through which its road passes in the county of Suffolk are not within the jurisdiction of the Forest, Fish, and Game Commissioner; and this presents the only real question involved, for it is conceded that this forms no part of the forest preserve. The question is whether the regulation in section 228 has reference to any forest lands not contained within the forest preserve. It seems to me that it was the obvious intention of the Legislature to include within its provision all forest lands within as well as outside the forest preserve. A forest is defined as being "a tract of land covered with trees; a wood, usually one of considerable extent; a tract of woodland with or without inclosed intervals of open and uncultivated ground." The act provides for the appointment of a Forest, Fish, and Game Commissioner, who shall have the care, control, and supervision of the forest preserve, and make rules for the use, care, and administration thereof, and also make rules for the prevention of forest fires, and cause the same to be posted in all proper places throughout the state, and that he may from time to time appoint fire wardens in every town having lands which are a part of the forest preserve, and "in every other town the supervisor shall be fire warden by virtue of his office. If the supervisor be absent when fire occurs, or fail to act, any justice of the peace in the town may act as fire warden." If in a town situated in a county containing lands of a preserve the commissioner is unable to find a suitable person who will accept the position of fire warden, then the supervisor of that town shall act as fire warden and discharge all the duties devolving on that office by law, and shall promptly make to the chief fire warden a report of each forest fire that occurs in his town (as amended by section 3, c. 590, p. 1417, Laws 1904). This section relates to the entire state. In towns having lands of the forest preserve the commissioner may appoint the fire warden, and in other towns of the state the supervisor thereof shall be the fire warden. Section 228 of the act under which this action is brought provides, among other things, that:

"Every railroad company shall on such part of its road as passes through forest lands or lands subject to fires from any cause, cut and remove from its right of way along such lands at least twice a year all grass, brush and other inflammable materials."

Then follow regulations pertaining to forest lands included, as well as not included, in the forest preserve. The Legislature intended to

to make these regulations applicable to forest lands wherever situated in this state, and, if its provisions have been violated by the defendant as alleged, the cause of action is properly pleaded.

The interlocutory judgment must be affirmed, with costs. All concur, except HOOKER, J., who dissents.

---

### BROWN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.   May 6, 1908.)

MASTER AND SERVANT—MASTER'S LIABILITY FOR INJURY TO SERVANT—FELLOW SERVANT—"VICE PRINCIPAL."

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7313, 7316, 7827.]

McLennan, P. J., dissenting.

Appeal from Trial Term, Onondaga County.