---

(No. 15988.—Reversed and remanded.)
WILLIAM D. WASHBURN, Appellant, *vs.* THE FOREST PRESERVE DISTRICT OF COOK COUNTY *et al.* Appellees.

*Opinion filed June 17, 1924—Rehearing denied October 10, 1924.*

1. EQUITY—*when a bill to enjoin acquisition of land by forest preserve district is not subject to demurrer.* A tax-payer in a forest preserve district may file a bill to enjoin the purchase of land by the district as being an abuse of official power of the commissioners, and the complainant need not set up any special damage, as the purpose of the bill is not to determine the necessity of taking the land but is to prevent unnecessary expenditure of public money, and it is not subject to demurrer where it properly raises an issue of fact as to whether the lands involved are appropriate for use by a forest preserve district.

2. FORESTRY—*amendment of 1921 to the Forest Preserve act is within title of act.* The amendment of 1921 to the Forest Preserve act, (Laws of 1921, p. 468,) authorizing forest preserve commissioners to acquire lands connecting forests or parts thereof, is within the title of the act and is germane to the purposes of the act.

3. SAME—*the amendment of 1921 does not give forest preserve commissioners unlimited power in acquiring lands.* The amendment of 1921 to the Forest Preserve act, authorizing forest preserve commissioners to acquire lands connecting forests or parts thereof, does not give the commissioners complete authority to acquire any land that they regard as proper, but the amendment is limited by its context and must be construed with reference to the remainder of the act.

DUNCAN, J., dissenting.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

WILLIAM D. WASHBURN, *pro se.*

ADOLPH D. WEINER, CHARLES H. WELLS, and FREEMAN, MASON & IGOE, (GEORGE H. MASON, of counsel,) for appellees.

Per CURIAM:   On behalf of himself and all other taxpayers in the Forest Preserve District of Cook county, appellant, Washburn, filed his bill in the superior court of Cook county praying an injunction to restrain the defendants from purchasing certain land in the Skokie valley, in Cook county.   Appellant's bill charged the Forest Preserve District of Cook county with breach of discretion, abuse of official power, and action without warrant of law.   To this bill a demurrer was filed.   Upon argument the demurrer was sustained, and complainant having elected to stand by his bill, it was dismissed at his cost for want of equity. From this decree an appeal has been taken to this court.

The Forest Preserve act was amended in 1921 in such a manner as to authorize forest preserve commissioners not only to acquire lands containing one or more natural forests or parts thereof, but also "land or lands connecting such forests or parts thereof." (Laws of 1921, p. 468.) Appellant's bill alleges that the land involved in this proceeding is a five-mile strip, of over 2000 acres, is primarily a

barren and treeless swamp, and that the acquisition of such land by the forest preserve district is not justified under the terms of the law as amended, but that if it is included in the terms of the law as amended in 1921 the amendment is unconstitutional, as dealing with a matter not included in the title of the act. Complainant alleges that the land is not capable of use for forest purposes, although admitting by his bill that two small tracts are partially wooded.

The demurrer set up three grounds of defense to the bill: (1) That the complainant will not be specially injured or suffer any damage; (2) that the commissioners of the forest preserve district are the sole judges of the necessity of taking lands for forest preserve purposes; (3) that the question of the necessity of taking lands for forest preserve purposes can be fully determined in condemnation proceedings when such proceedings are instituted by the forest preserve district, and that this question cannot be raised in a court of equity.

The demurrer appears to be based upon a misunderstanding of appellant's bill, which seeks relief through a tax-payer's action from alleged illegal proceedings of public officers. The appellant showed himself a tax-payer of the forest preserve district, and it was unnecessary for him to set up any special damage. "We have repeatedly held that tax-payers may resort to a court of equity to prevent the misapplication of public funds, and that this right is based upon the tax-payers' equitable ownership of such funds and their liability to replenish the public treasury for the deficiency which would be caused by the misappropriation." (*Fergus* v. *Russel*, 270 Ill. 304.) The second ground of demurrer is insufficient because, although municipal corporations and their officers may be authorized to exercise a wide discretion, the gist of the bill is an allegation of illegality, and it is self-evident that the officers of a municipal corporation have no discretion to act in violation of the law. With respect to the third ground of demurrer, it is

true that the necessity of taking lands for forest preserve purposes may be determined in condemnation proceedings, but it is also true that this determination in condemnation proceedings may not constitute a sufficient protection to the tax-payer against an illegal scheme for the expenditure of public money.

The words added to the Forest Preserve act in 1921 are within the title of that act and are germane to the purposes of the act. The original act authorized the acquisition of lands containing one or more natural forests or parts thereof. The amendment permits also the acquisition of "land or lands connecting such forests or parts thereof." Although the amendment of 1921 is properly within the title and scope of the Forest Preserve act, the language so added must be construed with reference to the remainder of the act. The added words do not give complete authority to forest preserve districts to acquire any land that they regard as proper. If so construed, the language would substantially confer a power without limit, because any land within the district may be "land connecting such forests or parts thereof." The words of the amendment of 1921 are limited by their context and by the purposes of the act to lands appropriate for use with natural forests.

Complainant's bill, although it contains many matters not germane to the issue, properly raised the question of fact as to whether the lands here involved are appropriate for use by a forest preserve district with natural forests or parts thereof. Such an issue of fact cannot be met by demurrer. We have said recently in *Miller* v. *Hale,* 308 Ill. 275, on page 281: "When a bill sets forth various claims for relief and the defendants file a general demurrer, the demurrer should be overruled if any of the claims therein set forth be proper for the jurisdiction and consideration of a court of equity." The special grounds of demurrer in this case being without legal foundation, and there being

equity in the bill, the same rule applies here as in the *Miller case*. The chancellor erred in sustaining the demurrer.

The decree is reversed and the cause remanded to the superior court of Cook county, with directions to overrule the demurrer and for further proceedings.

*Reversed and remanded, with directions.*

Mr. JUSTICE DUNCAN, dissenting.