Reuben H. Stripe, Plaintiff in Error, v. City of Waukegan et al., Defendants in Error.

Gen. No. 8,042.

Opinion filed August 12, 1929.

GEO. W. FIELD, for plaintiff in error.

ARTHUR BULKLEY, for defendants in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

Plaintiff in error filed a bill in the circuit court of Lake county, on behalf of himself and other taxpayers of the City of Waukegan.

Said bill, as finally amended, alleges that defendant in error City of Waukegan is a municipal corporation organized under the laws of the State, and operating under the General Incorporation Act, Cahill's St. ch. 32, ¶ 1 *et seq.;* that the individuals named as defendants in error were respectively the mayor, commissioners and city treasurer of said city; that on July 13, 1928, the following resolution was adopted by the city council of said city:

"Whereas it is desirable and necessary for the City of Waukegan to have an administration building for the transaction of its business—

"Be it resolved by the council of the City of Waukegan—

"Section 1. That said City shall purchase from Edith T. Higley, Frances L. Higley and Violet E. Johnston for the purpose of a City Hall" certain de-

scribed real estate, "for One Hundred Thousand ($100,000) Dollars.

"Section 2. That said consideration shall be in cash upon the delivery to it of a warranty deed of the above described premises the sum of Twenty Thousand Eight Hundred ($20,800) Dollars, and assume and agree to pay a trust deed encumbrance now upon said property amounting to Seventy-nine Thousand Two Hundred ($79,200) Dollars; said trust deed indebtedness being evidenced by promissory notes payable on or before fifteen years from this date, with interest at 5¾ per cent per annum.

"Section 3. That the Mayor and City Clerk be and they are hereby authorized to execute a warrant on the proper funds for the payment of the above mentioned sum of Twenty Thousand Eight Hundred ($20,800) Dollars, and that a warranty deed, subject to the above mentioned encumbrance, be accepted."

Said bill further alleges that, pursuant to said resolution, a warrant was drawn and said sum of money was paid; that on July 14, the following resolution was adopted:

"Be it resolved by the Council of the City of Waukegan, that the Mayor of said city be, and he is hereby authorized, to execute the agreement attached hereto, and made a part hereof, and the City Clerk is hereby authorized and directed to attest the signature of the Mayor and affix thereto the official seal of the City of Waukegan." That said last mentioned resolution referred to the resolution adopted on the previous day, as above set forth; that on said July 14, said council adopted a resolution, in and by which the members thereof guaranteed to the grantors of said real estate " 'that at no time during their incumbency of office shall any portion of the above described premises be used for a fire or police station, and they jointly and severally agree to use all possible means to prevent the future use by the succeeding council of said prem-

ises for the purpose of police or fire station.' . . . That no other action has been taken by said City Council with reference to the purchase of said premises so far as your orator is informed and believes.''

Said bill further alleges that said city has no power to mortgage its real property and cannot assume the payment of a mortgage or trust deed or notes secured thereby; that said mayor and commissioners, in making said payment and in so pledging the credit of said city, had acted without authority of law and in violation of the statutes and of the constitution of the State.

It is further alleged that, unless enjoined, said mayor and commissioners would undertake the payment of the balance on said alleged contract; praying a temporary injunction, etc.

On hearing, said bill was dismissed for want of equity. To reverse said decree, this writ of error is prosecuted. The record contains the certificate of the chancellor that no evidence was offered by either party, and that said hearing was had solely upon said bill.

Section 1 of article V of the statute on cities, villages and towns (Cahill's St. ch. 24, ¶ 65), provides, among other things:

"Section 1. The city council in cities, and the president and the board of trustees in villages, shall have the following powers:

"First. To control the finances and property of the corporation.

"Second. To appropriate money for corporate purposes only, and provide for payment of debts and expenses of the corporation.''

"Eighty-sixth. To provide for the erection and care of all public buildings necessary for the use of the city or village.''

Counsel for defendants in error states in his brief and argument:

"Virtually there is but one proposition of law brought before the court by the record in this case,

viz.: Has a city, organized under the Cities and Villages Act of Illinois, the power to purchase property for a city hall, subject to a mortgage payable on or before a given date?''

He further states, after referring to the various provisions of the Cities and Villages Act, that: ''There is not in these statutes one word or line either expressly giving or denying the power to mortgage or to buy subject to mortgage.''

The question, then, for our determination is whether, under the statute, as construed by our Supreme and Appellate Courts, a city has such authority.

Statutes granting powers to municipal corporations are strictly construed. *City of Chicago v. M. & M. Hotel Co.*, 248 Ill. 264–272. Municipal bodies can only exercise such powers as are conferred upon them by their charters. *Merchants Loan & Trust Co. v. City of Chicago*, 264 Ill. 76–82. Any fair and reasonable doubt as to the existence of the power is resolved against the municipality claiming the right to exercise it. *City of Chicago v. M. & M. Hotel Co., supra*, 272; *Seeger v. Mueller*, 133 Ill. 86.

''The powers of a municipal corporation are not enlarged by liberal construction but are strictly construed, and any ambiguity arising out of a grant of power or a reasonable doubt concerning its existence is resolved against the municipality which claims to exercise the power.'' *Washburn v. Forest Preserve Dist.*, 327 Ill. 479–487, citing *Barnard v. City of Chicago*, 316 Ill. 519; *City of Rockford v. Nolan*, 316 Ill. 60; *Aberdeen- Franklin Coal Co. v. City of Chicago*, 315 Ill. 99; *Arms v. City of Chicago*, 314 Ill. 316.

In *Coquard v. Village of Oquawka*, 192 Ill. 355, the court at page 365 says:

''This court, as well as the Supreme Court of the United States, has quoted with approval the rule laid down by Judge Dillon in his work on Municipal Cor-

porations, that 'a municipal corporation possesses and can exercise the following powers and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation,—not simply convenient, but indispensable. (*Cook County v. McCrea,* 93 Ill. 236; *Huesing v. City of Rock Island,* 128 id. 465; *Merrill v. Monticello,* 138 U. S. 673.)' "

Where a municipal corporation has no power to mortgage its property, it cannot purchase and hold property which is subject to a mortgage, even though it does not expressly obligate itself to pay the mortgage debt, for it must pay the debt or lose the property. 43 Corpus Juris, p. 1330, sec. 2088.

A municipal corporation having no power to incumber its property by mortgage, in the absence of express legislative authority, is without power to acquire and hold property which is subject to mortgage. *Fidelity Trust & Guarantee Co. v. Fowler Water Co.,* 113 Fed. 560.

"Being created for governmental purposes, the borrowing of money, the purchase of property on time and the giving of commercial paper are not inherent or even powers usually conferred, and unless endowed with such power in their charters they have no authority to make and place on the market such paper, and persons dealing in it must see that the power exists." *Hewitt v. Board of Education Normal School Dist.,* 94 Ill. 528–532, citing *Board of Supervisors v. Farwell,* 25 Ill. 181; *Clarke v. Board of Sup'rs of Hancock County,* 27 Ill. 305; *Marshall County Sup'rs v. Cook,* 38 Ill. 44; *Wiley v. Silliman,* 62 Ill. 170; *Harding v. Rockford, R. I. & St. L. R. Co.,* 65 Ill. 90; *McWhorter v. People,* 65 Ill. 290; *Town of Big Grove v. Wells,* 65 Ill. 263.

In *Merchants Loan & Trust Co. v. City of Chicago,*
*supra,* the court at page 82 says:

"While the question of implied power of municipal
corporations in this State to borrow money for cor-
porate purposes does not appear to have directly
arisen, it has been incidentally discussed in decisions
involving cognate questions. The law is, that mu-
nicipal bodies can only exercise such powers as are
conferred upon them by their charters, and all persons
dealing with them must see that they have the power
to perform the proposed act. The power to borrow
money and create indebtedness is not an incident of
such local government. Such power cannot be exer-
cised unless it is conferred by charter. (*Law v. Peo-
ple,* 87 Ill. 385; *Coquard v. Village of Oquawka,* 192
id. 355; 1 Dillon on Mun. Corp.—5th ed.—sec. 287, and
cases cited.)"

In *Bourdeaux v. Coquard,* 47 Ill. App. 254, the court,
after quoting from *Hewitt v. Board of Education
Normal School Dist., supra,* at page 258, says:

"The power to receive and pay out moneys does not
include the power to issue interest-bearing commercial
paper; nor does it include the power to purchase prop-
erty where no money is on hand to pay for the same."

Under the foregoing authorities, it follows that said
mayor and city council were without power or author-
ity to purchase the premises in question subject to said
mortgage indebtedness.

Counsel for defendants in error cites and relies on 3
Dillon—5th ed.—sec. 696, page 1591; 43 Corpus Juris,
sec. 2109; *Baltimore & O. S. W. R. Co. v. People ex
rel Gaston,* 200 Ill. 541, as supporting his contention
that said city had the implied authority to purchase
the property in question subject to said mortgage. An
examination of these authorities will disclose that they
do not support said contention.

It is next contended that it is not sufficiently alleged
in said bill that no appropriation had been made by

said city to cover said contract, for the reason that said allegation is on information and belief. Said allegation, though not as specific as it might have been, is sufficient, the bill not having been demurred to. In *Coryell v. Klehm*, 157 Ill. 462, relied on by defendant in error, the court at page 476 says:

"Where the allegations are made in the form of direct and positive statements of facts, with the additional words, 'as your oratrix is informed and believes,' it would seem that there is more than a simple averment of the complainant's confidence in the truth of these representations, and they may be regarded as averments of the facts together with a statement of the source from which knowledge of those facts was derived. (*Lucas v. Oliver*, 34 Ala. 626.) We are inclined to limit, rather than either extend or strictly adhere to, the technical rules of pleading, and especially so in the absence of a special demurrer."

Without an appropriation to cover an expenditure of the character here involved, a contract entered into by a city cannot be enforced. *Trustees of Lockport v. Gaylord*, 61 Ill. 278; *May v. City of Chicago*, 222 Ill. 592–599; *DeKam v. City of Streator*, 316 Ill. 123–131; *Ferry v. National Motor Underwriters*, 244 Ill. App. 241; *City of Harvard v. McCauley*, 253 Ill. App. 218.

Counsel for plaintiff in error also contend that the contract in question was illegal for the reason that it was for an amount in excess of $500, and was not let upon competitive bidding. This point is not well taken, as the statute referred to has no application to a purchase of this character.

For the reasons above set forth, the decree of the trial court will be reversed and the cause will be remanded, for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*