(Nos. 19469, 19470.—

THE FOREST PRESERVE DISTRICT OF COOK COUNTY, Appellee, *vs.* MICHAEL M. JIRSA *et al.* Appellants.—THE FOREST PRESERVE DISTRICT OF COOK COUNTY, Appellee, *vs.* FRANK W. SCHIEVE *et al.* Appellants.

*Opinion filed October 19, 1929—Rehearing denied Dec. 7, 1929.*

RICHARD R. KLEIN, and PINES, MORSE & STEIN, (ALVIN E. STEIN, of counsel,) for appellants.

JOSEPH P. SAVAGE, ADOLPH D. WEINER, and MORTON S. CRESSY, (CHARLES G. HENDRICKS, and CLAUDE A. GARNER, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a consolidated appeal by Michael M. Jirsa and Minnie Jirsa, his wife, and Frank W. Schieve and Dorothea Schieve, his wife, for review of the judgments of the circuit court of Cook county authorizing appellee to take from appellants certain premises in the village of Riverside on payment of the judgments rendered in condemnation. The causes have been consolidated here.

On March 26, 1928, appellee filed its petition alleging that it was a municipal corporation duly authorized to create forest preserves and to exercise the power of eminent domain; that it duly created the Forest Preserve District of Cook county; that the lands of appellants were embraced within that district, and that by resolution and ordinance its board of commissioners on February 6, 1928, designated the property of appellants, described as lots 143 and 144 in block 12 of the Fourth Division of Riverside, as desirable and necessary for forest preserve purposes and directed that the same should be acquired in the manner provided by law. The ordinance is set out in the petition, and recites that the said lots constitute and are a natural forest or parts of a natural forest. Appellants appeared and filed numerous specific objections and answer and traverse to the petition. A hearing was commenced on June 3, 1928. After appellee had put in its proof, the court indicated to its counsel

that the record did not establish that the lots sought to be taken were a natural forest or part of a natural forest, saying, "If you want to proceed under some other provision of the statute you can, but your declaration is that it is a natural forest." On June 8 thereafter, appellee filed an amended petition by leave of court, in which it is alleged that "the said land and premises hereinafter described are a natural forest or part of a natural forest and is land connecting a natural forest or a part of a natural forest," etc. Objections, answer and traverse of appellants were filed denying these allegations of the petition as amended. Other testimony was heard on the amended petition. At the close of all the evidence appellants moved to dismiss the petition on the ground that the evidence did not show the property to be either a natural forest or part thereof or lands connecting parts of a natural forest. This motion was denied. A jury was later called and evidence heard as to the value of the property. The jury returned a verdict awarding to the Jirsas, who are owners of lot 143, the sum of $12,500, and awarding to the Schieves, as owners of lot 144, the sum of $9000, for full damages and compensation for premises and improvements thereon.

Appellants contend that the evidence does not show these lots to be natural forests or parts thereof or lands connecting parts of a natural forest. Objections are also raised as to rulings of the court in the admission of evidence and instructions to the jury on the trial as to values.

These lots lie in the village of Riverside, in Cook county. Riverside has a population of 5400 and lies on both sides of the DesPlaines river. The evidence shows that lot 143, known as the Jirsa lot, has a west frontage of 100 feet on Forbes road and a north frontage of 200 feet on Thirty-fifth street, Forbes road extending north and south and Thirty-fifth street extending east and west. The south line of lot 143 extends back from Forbes road a distance of 180 feet. Its east line is slightly diagonal and has a length of 120 feet.

Lot 144 lies immediately south of lot 143 and fronts only on Forbes road. It has 100 feet frontage. Its north line is 180 feet, its south line 140 feet, while its east line is somewhat irregular and is 160 feet in length. The Jirsa lot is improved by a six-room frame bungalow, two garages with capacity for three cars, sidewalks, fruit trees and shrubbery. The Schieve lot is improved with a story-and-a-half residence, garage, shrubbery and fruit trees. These properties constitute the homes of appellants. The forest preserve district has property on the north, east and south. One block west there is a high school and beyond that are other residences. About four blocks east, and across the DesPlaines river, there are a number of large apartment houses and many residences. The business blocks of Riverside are about three blocks from these lots. The evidence of appellee tends to show that there are six trees on each of these lots claimed by appellee to be natural forest trees. The evidence of appellants tends to show a less number of natural trees, and that most of the trees on their premises were elms, fruit trees and others and were set out by them.

The questions first to be considered are those arising on legal objections, and are (1) whether these lots are a natural forest or parts of a natural forest; and (2) if not, whether they constitute lands connecting parts of natural forests.

As to the second point, it appears from the briefs that while appellee amended its petition to get the benefit of proof that these lots are lands connecting parts of a natural forest, that ground has been abandoned. There is no evidence beyond the fact that they are adjacent to and surrounded on three sides by property owned by appellee to show that they are lands connecting parts of a natural forest. Prior to the amendment of 1921 the Forest Preserve act did not authorize a forest preserve district to ac-

quire lands which connected natural forests. It was to confer this power that the amendment of 1921 was enacted. The power to acquire land connecting natural forests implies that such land is reasonably necessary for that purpose and that the two natural forests or parts thereof are not of themselves contiguous. Unless this limitation be put upon the power of the forest preserve district it would have power substantially without limit to acquire lands. (*Washburn* v. *Forest Preserve District,* 327 Ill. 479; *Washburn* v. *Forest Preserve District,* 313 id. 130.) The property of the forest preserve district adjoining this combined tract on three sides is a contiguous unit, and it is evident that these lots are not necessary for the purpose of connecting two natural forests or parts thereof, and the petition cannot be sustained on that ground.

The principal question in this branch of the case is whether these lots constitute a natural forest or parts of a natural forest. A forest is defined as a tract of land covered with trees; a wood, one usually of considerable extent. (*Washburn* v. *Forest Preserve District,* 327 Ill. 479; 2 Words and Phrases,—2d series,—p. 610.) Webster's New International Dictionary discusses the words "forest," "wood," "woods," "woodland" and "grove," and draws the distinction between a forest, which implies a large body of trees growing naturally or a tract covered with trees, and a wood or grove, the latter being not of sufficient extent to be classed a forest. Unless these lots, which, if appellee's testimony is true, have on each of them six natural forest trees, can be considered a forest or parts of a forest, appellee is without power to condemn and appropriate them for forest preserve purposes. Municipal corporations are creatures of the legislature. Statutes granting power to them are to be strictly construed and their powers are not to be enlarged by construction. A reasonable doubt as to the extent of its power or an ambiguity arising out of the grant thereof is to be resolved against

the municipality. (*Washburn* v. *Forest Preserve District,* 327 Ill. 479; *Barnard & Miller* v. *City of Chicago,* 316 id. 519; *Arms* v. *City of Chicago,* 314 id. 316.) The power conferred upon forest preserve districts to acquire land containing one or more natural forests or parts thereof is not to be enlarged by liberal construction or by enlarging the accepted definition of a forest. If the General Assembly had intended to confer power upon forest preserve districts to acquire any property having thereon natural trees as distinguished from trees set out by the owner of the lots, it would have expressed that intention. Nor were the commissioners of forest preserve districts left, without limitation, to determine for themselves what is and what is not a forest but they are limited to the character of lands described in the act. Whether a tract of land is a forest is a question of fact, which may be inquired into by the court. Beyond the act the district has no power.

This property lies in the village of Riverside. These lots are the homes of appellants. The purpose of the Forest Preserve act, generally recognized, is the preservation of forests. There is nothing in the act to indicate that it was the purpose of the legislature to permit a forest preserve district to invade cities and villages and take the homes of citizens simply because there are growing thereon trees that nature, instead of man, planted there, unless the proof be quite clear that such lands are, in fact, a forest or parts of a forest. If such a power be conferred on a municipality, no one having on his lawn a few trees placed there by nature would have any certainty of continued ownership of his home if that home happened to be within the territory over which the forest preserve district had jurisdiction. Property rights are not to be so readily taken away. It must, in such a case as this, clearly appear that the land sought to be taken is a natural forest or a part thereof, as that term is defined by the authorities. The evidence does not show these lots to be such, and the circuit court

erred in denying the motion of appellants to dismiss the petition.

The judgment of the circuit court is therefore reversed and the cause remanded, with directions to sustain appellants' motion to dismiss the petition.

*Reversed and remanded, with directions.*